## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Domingos De ARAUJO )

Petitioner )

v. )

Alberto GONZALES, Attorney General; )
Michael CHERTHOFF, Director, Department of )
Homeland Security; Bruce CHADBOURNE, )
Field Office Director New England, Bureau of )
Immigration and Customs Enforcement )
and, any individual who may have custody of )
the Petitioner, )

Respondents )

# 05 10968 RCL

RECEIPT #_____
Civil Action AMOUNT $___S.O()___
SUMMONS ISSUED___N/A___
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK.___M.R.___
DATE____5/10/2005____

MAGISTRATE JUDGE MBB

### PETITION FOR WRIT OF HABEAS CORPUS,
### VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF,
### AND FOR STAY OF REMOVAL

Petitioner/plaintiff, Domingos Araujo ("Mr. Araujo"), hereby petitions this Court for a

writ of habeas corpus to review the lawfulness of his final order of removal. He respectfully

alleges, by his undersigned attorney, as follows:

### JURISDICTION

1. The action arises under the United States Constitution, the Immigration and

Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the Administrative Procedure Act

("APA"), 5 U.S.C. §§ 701 et seq.. This Court has habeas corpus jurisdiction pursuant to 28

U.S.C. § 2241 et seq.; Art. I, § 9, Cl. 2 of the U.S. Constitution ("Suspension Clause"); and the

Common Law. This Court may also exercise jurisdiction pursuant to 28 U.S.C. § 1361

(mandamus jurisdiction), and 28 U.S.C. § 1331, and may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

2.    Venue lies in the District of Massachusetts, the judicial district where the removal order against Mr. Araujo was entered and where the Department of Homeland Security - Immigration and Customs Enforcement, who may enforce the final order of removal order resides. 28 U.S.C. § 2241 et seq. and § 1391.

## PARTIES

3.    Mr. Araujo, a native and citizen of Portugal. On September 4, 1973, at the age of 6, Mr. Araujo entered the United States as a lawful immigrant. On February 13, 2002, the immigration judge ordered Petitioner removed to Portugal. Exhibit 1. On July 12, 2003 the Board of Immigration Appeals ("BIA" or "Board") affirmed the order of removal, rendering the order administratively final. Mr. Araujo is now subject to immediate deportation by respondents/defendants. A copy of the BIA's original order of removal is attached hereto as Exhibit 2.   Mr. Araujo subsequently filed a Motion to Reopen sua sponte, based upon a change in his criminal convictions. Exhibit 3.   That motion was denied in November 2004. Exhibit 4. Mr. Araujo sought review of that decision before the Court of Appeals for the First Circuit. The First Circuit held that it did not have jurisdiction over Mr. Araujo's case. Exhibit 5.

4.    Respondent/defendant Alberto Gonzales is sued in his official capacity as the Attorney General of the United States. In this capacity he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 21103, and has issued the order of removal against Mr. Araujo.

5.     Michael Cherthoff is the Secretary of the Department of Homeland Security, and is sued in his official capacity. Respondent/Defendant is in charge of the Government agency empowered to carry out the removal of Mr. Araujo.

6.     Respondent/defendant Bruce Chadbourne is the Director of the New England Office of the Immigration and Customs Enforcement Division of the Department of Homeland Security , and is sued in his official capacity. Respondent/defendant Chadbourne is empowered to carry out the removal order against Mr. Araujo and is thus a legal custodian of Mr. Araujo.

## FACTS

7.     Mr. Araujo, is a native and citizen of Portugal.  On September 4, 1973, at the age of six, Mr. Araujo entered the United States as a lawful immigrant.  He has resided in the United States continuously since his entry.

8. The former Immigration Naturalization Service ("INS") served Mr. Araujo with a Notice to Appear ("NTA") dated April 6, 2000.  The INS charged Mr. Araujo with being removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a) for having committed a crime of violence under INA § 101(a)(43)(F), 8 U.S.C. § 1101(a) for which the sentence was a year or more.  The Government alleged that Mr. Araujo had been convicted of Assault and Battery with a dangerous weapon on the Fall River District Court, in Fall River, Massachusetts.

9. On or about October 3, 2001, The INS subsequently filed a amendment to their original charging document.  In that document they charged Petitioner with two counts of removability.  He was charged once again with being removable pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"),  8 U.S.C. § 1227(a) for having

-3-

committed a crime of violence under INA § 101(a)(43)(F), 8 U.S.C. § 1101(a) for which the

sentence was a year or more. He was also charged with being removable for having been

convicted of a controlled substance violation pursuant to 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a).

That document alleged that on November 7, 1995, he was convicted in the 'Connecticut Superior

Court for the offenses of Assault on an employee of the Department of Correction in violation of

Connecticut General Statute 53a-167c. For this offense, Petitioner received an 18 month

sentence. The document further alleged that on January 27, 2000, Mr. Araujo was convicted of

Illegal Possession of a Class B substance in New Bedford District Court.

10.    The immigration judge ordered Petitioner removed on February 13, 2002.

Petitioner appealed the decision of the Immigration Judge to the Board of Immigration Appeals.

11. Petitioner, through counsel filed a timely notice of appeal following the Immigrations

Judge's order of removal on March 8, 2002. In that Notice, counsel detailed the reasons for the

appeal. Counsel requested an extension to file a brief on May 8, 2002. That motion was

granted and counsel was given until June 21, 2002 to file her brief. Counsel sent the brief, via

Federal Express, on June 20, 2002. The brief did not arrive at the Board until June 24, 2002.

Because the brief arrived late, it was returned to Counsel. When counsel learned of the error,

she filed a motion to accept a late filed brief, as instructed by the Board. That motion was filed

on July 8, 2002. On July 12, 2002, the Board dismissed the appeal because no brief was filed.

Subsequent motions were filed to the Board that were denied.

12. On November 20, 2003, subsequent counsel filed a motion to reopen removal

proceedings sua sponte. That motion was based upon changed circumstances in Petitioners case.

Mr. Araujo's two drug possession cases had been vacated by the criminal court in New Bedford,

-4-

Massachusetts. According to the Immigration Judge, those offenses posed a bar to relief for Petitioner. After those convictions were vacated and dismissed, Petitioner became eligible for INA §212(c) relief. Petitioner submitted an affidavit in support of his motions to vacate his convictions in the State Criminal Court that indicated that due his problems with drug abuse, he was unable to understand the nature and effect of his pleas of guilty. Motion to Reopen and Supporting Documents, attached at Exhibit 3.

13.     On March 22, 2004, the BIA denied Petitioner's motion. The Board held that it appeared that the convictions were vacated because of the immigration consequences of those offenses. Further, the Board held that Petitioner did not merit a discretionary grant of a waiver pursuant to INA § 212(c), 8 U.S.C. § 1182(c). The Board held that none of the convictions were vacated because the Petitioner was "not guilty of the crimes committed." The Board also noted that Petitioner was in custody for probation violations at the time of the motion, which the Board deemed did not support reopening his case. The Board concluded that Petitioner's history did not merit the reopening of his immigration proceedings to apply for discretionary relief that they believed that he did not merit in the exercise of their discretion. The BIA neither had, nor sought, evidence relating to Petitioner's family ties, possible rehabilitation, or other factors when it denied the motion. See BIA Decision to Deny Motion to Reopen at Exhibit 4.

14. Mr. Araujo filed a petition for review in the Court of Appeals for the First Circuit. That Court dismissed Mr. Araujo's Petition for Review on February 23, 2005, finding that it did not have jurisdiction over Mr. Araujo's case. See De Araujo v Ashcroft, Docket No. 04-1512 (1st Cir. February 23, 2005) attached at Exhibit 5.

## JURISDICTIONAL BASES FOR HABEAS CORPUS REVIEW

15.     In Goncalves v. Reno, 144 F.3rd 110 (1st Cir. 1998), cert denied, 119 S. Ct. 1140 (1999) the First Circuit held that where an alien deportable on the basis of a criminal conviction seeks to challenge the denial of a waiver of deportation, the proper forum to do so is in a district court habeas action under 28 U.S.C. §2241, and the scope of such habeas review encompasses review of constitutional and statutory claims relating to an alien's eligibility to apply for relief from deportation.  In Carranza v. INS, 277 F. 3d 65 (1st Cir. 2002) the Court held that Federal courts have subject matter jurisdiction over habeas petitions brought by aliens seeking removal to the extent that those petitions are based on colorable claims of legal error where an aliens statutory or constitutional rights have been violated.

16.     In light of Goncalves and Carranza, this Court  habeas jurisdiction to review Mr. Araujo's final order of removal is 28 U.S.C. § 2241, the general grant of habeas jurisdiction to the federal district courts.

17.     Mr. Araujo is also entitled to review of his final order of deportation as a matter of constitutional right (and under the Common Law).  The Writ of Habeas Corpus is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it."  U.S. Constitution, Art. I, § 9, Cl. 2 (Suspension Clause).

## THE MERITS

18.     Mr. Araujo  should have been found eligible to apply for relief from removal in the form of a waiver pursuant to former INA § 212(c)), 8 U.S.C. § 1182(c) (1994 ed.), or in the alternative, should have been found not to be removable as charged.

-6-

19.     The BIA rejected Mr. Araujo's motion to reopen and held that as a matter of law he was not eligible for relief under INA §212(c). Mr. Araujo seeks review of the Board of Immigration Appeals's determination that he is removable as an aggravated felon, and does not merit relief from deportation.

20.     The Board of Immigration Appeals failed to apply their own precedent in evaluating criminal convictions that have been vacated. They misinterpret and misapplied their own precedent decision, Matter of Pickering, 23 I & N Dec. 6212 (BIA 2003). No evidence in the record supports the Board's conclusion that Petitioner's convictions were vacated for immigration purposes in violation of Board precedent. The Board should have remanded Petitioner's case to the Immigration Judge to allow him to apply for a discretionary waiver.

21.     The Board denied Petitioner due process by pre-judging his application for relief pursuant to former INA § 212(c), 8 U.S.C. §1182(c). Petitioner did not have the opportunity to submit an application or evidence in support of his application. The Board made its decision without having any of the evidence required in their own precedent.

22.     In this habeas petition, Mr. Araujo now challenges the denial of § 212(c) relief.

23.     Under former INA § 212(c), an alien who is a "lawful permanent resident" with 7 years of continuous residence in the United States may be granted relief from deportation in the discretion of the Attorney General. 8 U.S.C. § 1182(c).

24.     In 1996, § 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 212(c) and expanded the list of criminal offenses that renders lawful residents statutorily ineligible from seeking § 212(c) relief. In Goncalves the First Circuit held that § 440(d) did not apply retroactively to cases in which the alien was in immigration

proceedings prior to AEDPA's passage. In 1996, Congress also passed the IIRIRA. IIRIRA §

304(b) repealed § 212(c) as of its effective date, April 1, 1997, and replaced it with "cancellation

of removal" under INA § 240A(a), 8 U.S.C. § 1229b(a).

25.     In INS v. St. Cyr, 533 U.S. 289 (2001), the Supreme Court held that IIRIRA's

elimination of 212(c)waivers did not apply retroactively to aliens who had pled guilty to crimes

before the effective date of the statute. Aliens who pled guilty to a crime prior to the adoption of

IIRIRA, remain free to seek a waiver to that conviction.

## EXHAUSTION

26.     Mr. Araujo has exhausted his administrative remedies.

27.     No prior petition for writ of habeas corpus has been made by Mr. Araujo.

28.     No court has previously addressed the merits of Mr. Araujo's case.

29.     Mr. Araujo is in custody for purposes of habeas corpus relief because he is subject

to a final order of deportation.

30.     Mr. Araujo will be irreparably harmed if he is deported while this petition is

pending before this Court because he will be deported based on an administrative decision that is

inconsistent with the INA and the Constitution.

## CLAIMS FOR RELIEF

## COUNT ONE

## Erroneous Denial of § 212(c) Relief Based on Improper Interpretation of Board Precedent

30.     The allegations contained in paragraphs 1 through 30 above are repeated and

realleged as though fully set forth herein.

-8-

31.     Matter of Pickering, 23 I&N Dec. 621 (BIA 2003), cannot be applied to Mr.

Araujo's case because the criminal convictions that were vacated in the New Bedford District

Court, were not done so in violation of Board precedent. Petitioner's convictions were vacated

because he was not capable of understanding the consequences of his pleas of guilty at the time

that he entered them because of his substance abuse problems. Nothing in the record indicates

that the convictions were vacated by the state court for immigration purposes.

## COUNT TWO

## Discretionary Denial of § 212(c) Relief

32.     The allegations contained in paragraphs 1 through 30 above are repeated and

realleged as though fully set forth herein.

33.     The Board of Immigration Appeals erroneously made a discretionary denial of

§212(c) relief. The Board did not follow its own precedent and the procedures for filing for this

relief from removal. The Board arbitrarily prejudged Mr. Araujo's request before it received and

application or evidence in violation of the Due Process Clause of the Fifth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner/Plaintiff respectfully prays this Court to:

a.     Assume jurisdiction over this matter;

b.     Order a Stay of Removal pending the adjudication of this Petition;

c.     Declare Mr. Araujo's order of removal as contrary to law;

d.     Issue a writ of habeas corpus and permanent injunction directed at

        respondents/defendants to vacate Mr. Araujo's final order of removal as contrary

to law, and remand this matter to the BIA for further proceedings to allow

petitioner an opportunity to apply for § 212(c) relief;

e.    Award reasonable costs and attorneys' fees; and,

f.    Grant such further relief as the Court deems just and proper.

Respectfully Submitted,
Domingos De Araguaya
By His Attorney

Dated: May 10, 2005

William E. Graves Jr.
GRAVES & Doyle
77 Franklin Street
Boston, MA 02110
(617) 542-6400

## VERIFICATION

I, William E. Graves Jr. , declare that the allegations made in the above
petition/complaint are true and accurate to the best of my knowledge and belief.

Dated: May 10, 2005

William E. Graves Jr.

## CERTIFICATE OF SERVICE

I, William E. Graves Jr.,certify that I delivered by hand a true copy of the within Petition
for Habeas Corpus to the Office of the Trial Counsel, Department of Homeland Security,
Immigration and Customs Enforcement, 4th Floor, John F. Kennedy Federal Building, Boston,
MA and the Office of the United States Attorney, One Courthouse Way, Boston, MA on May 10,
2005.

William E. Graves Jr Esq.

-10-

IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA  02203-0002

In the Matter of

Case No.: A30-898-697

DE ARAUJO, DOMINIGDS JOAO LIBERAL
    Respondent                    IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Feb 13, 2002.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.
[ X ]  The respondent was ordered removed from the United States to    *Portvg2\*
                                     or in the alternative to

[ ]  Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    alternative to
[ ]  Respondent's application for voluntary departure was granted until
       upon posting a bond in the amount of $ _____
    with an alternate order of removal to
[ ]  Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.
[ ]  Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.
[ ]  Respondent's application for cancellation of removal under section
    240A(a) was ( )granted ( )denied ( )withdrawn.
[ ]  Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn.  If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.
[ ]  Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.
[ ]  Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn.  If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
    notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other: _____
    Date:  Feb 13, 2002
    Appeal: Waived/Reserved    Appeal Due By:

                                    WILLIAM JOYCE
                                    Immigration Judge

BFH

**U.S. Department of Justice**                          Decision of the Board of Immigration Appeals

Executive Office for Immigration Review

Falls Church, Virginia 22041

File:    A30 898 697 - Boston                          Date:

JUL - 2 2002

In re:   DOMINIGOS JOAO LIBERAL DE ARAUJO a.k.a. Domingos Araujo

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Judith A. Borges, Esquire

ORDER:

PER CURIAM. The appeal is dismissed. The respondent checked Box 6 on the Notice of Appeal (Form EOIR-26) to state that a separate written brief or statement would be filed. The record reflects that the respondent was granted until May 31, 2002, to submit a brief or statement in support of the respondent's appeal. Upon written request, the respondent was granted an additional extension to file such brief or statement with a new due date of June 21, 2002. However, the record does not contain a separate written brief or statement, and the respondent has not offered an explanation as to the failure to timely submit the promised brief or statement. We thus find that summary dismissal is appropriate pursuant to the provisions of 8 C.F.R. § 3.1(d)(2)(i)(D).

FOR THE BOARD

United States Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals
Falls Church, VA

In the Matter of Domingos Joao Liberal De Araujo          A 30 898 697 **Detained**

## RESPONDENT'S REQUEST TO THE BOARD TO
## REOPEN PROCEEDINGS SUA SPONTE

Now comes the Respondent, Domingos De Araujo, and through his attorney respectfully requests the Board to consider reopening his case on its own motion. As reasons therefore the Respondent states as follows:

1.  Respondent's Removal Proceeding began by way of a Notice to Appear issued in the year 2000. The Notice to Appear charged the Respondent with a January 6, 1992 conviction in the Fall River District Court for Assault and Battery by Dangerous Weapon.

2.  On January 4, 2001, the Respondent was ordered deported but the case was ultimately reopened after prior counsel obtained a reopening of the underlying Assault and Battery by Dangerous Weapon.

3.  On October 3, 2001, the Service issued an I-261 charging Respondent with two further grounds of removability. First, a November 7, 1999, conviction in Connecticut for Assault and Battery for which the Respondent received an eighteen month suspended sentence, and second, a conviction in Massachusetts on January 27, 2000, for possession of Class B.

4.  On February 13, 2002, the Respondent was again ordered removed.

5.  A timely Appeal was filed, but the Board dismissed the Appeal when prior counsel failed to file the appellate brief on time.

6.  Prior counsel filed a Motion to Reconsider the summary dismissal which was denied on December 23, 2002.

7.  Prior counsel then filed a second Motion to Reconsider although it was apparently styled as a Motion to Re-Open. The Board denied this Motion on March 7, 2003.

8.  On May 9, 2003, the Respondent filed a Motion to Terminate which was returned by the clerk's office because there was no case pending before the Board.

9.  On November 19, 2003, the Massachusetts State Court in New Bedford, Massachusetts vacated the January 27, 2000, conviction for possession of Class B.

(Certified copies of docket sheets, Motion and Defendant's Affidavit are attached hereto).

10.  Further, on November 19, 2003, the Massachusetts State Court in New Bedford, Massachusetts vacated two other convictions on January 27, 1999, for possession of Class A and possession of Class B. (Certified copies of docket sheets, Motion and Defendant's Affidavit are attached hereto).

11.  On information and belief these convictions are the only removable offenses committed by Respondent after the enactment of AEDPA and IIRIRA

12.  In Matter of Pickering 23I. & N. Dec. 628 (BIA 2003) the Board held that if a Court vacates an alien's conviction for reasons solely related to rehabilitation or immigration that the conviction has not been eliminated for immigration purposes. Pickering at 624-25.

13.  The docket sheets and Motion in the within case are unclear as to all of the factual reasons for the Court's decision. However, Defendant's Affidavit certainly suggests that the pleas were entered without sufficient clarity of mind to render them knowing and intelligent as is required by Massachusetts Law.

14.  With regards to the pre 1996 convictions listed in both the I-261 and even the original NTA, these should both be waivable under §212C in accordance with the St. Cyr case.

15.  The Respondent acknowledges that he has met and/or exceeded the allowable number of Motions to Re-open and/or Reconsider, but, given the facts and circumstances indicating his clear eligibility for a 212C Hearing, is asking the Board to reopen on its own Motion.

WHEREFORE, Respondent respectfully requests the Board to consider Reopening proceedings sua sponte and remand the case the Immigration Court for further determination of eligibility, and hearing pursuant to §212C.

Respectfully submitted,
Domingos De Araujo
By His Attorney,

Date:  November 19, 2003

Frederick Q. Watt
Watt & Sylvia
628 Pleasant Street
New Bedford, MA 02740
508-984-1470
BBO# 565839

## Certificate of Service

I, Frederick Q. Watt, certify that on this 19th day of November, 2003, I served a copy of the within Request to the Board to Reopen Proceedings Sua Sponte to the Department of Homeland Security, Litigation Unit, JFK Federal Building, Room 425, Boston, Massachusetts 02203 by first class mail, postage prepaid.

_____

Frederick Q. Watt

# CRIMINAL DOCKET

33CR 04684

| COURT DIVISION | ☐ Interpreter F.    ed (language:) | DATE & sub. | DOCKET ENTRY |
|---|---|---|---|
| **NEW BEDFORD)** | | | ☐ Attorney appointed (SJC R. 3:10) |

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**

DOMINGOS J. ARAUJO
10 ButlerSt.
S. Dartmouth, Ma.

☐ Atty denied & Deft advised per 211D §2A
☐ Waiver of counsel found after colloquy
Terms of release set: **BAIL SH OU**
☑ PR ☐ Bail:
☐ Held (276 §58A)  1-22-09
☐ See back for special conditions  040  CPM
Arraigned and advised:
☐ Potential of bail revocation (276 §58)
☒ Right to bail review (276 §58)
☐ Right to drug exam (111E §10)

| DEFT. DOB AND SEX | OFFENSE CODE(S) | | Advised of right to jury trial |
|---|---|---|---|
| 11/19/67    m | 131a,108,820,822,826,702 | | ☐ Does not waive |
| DATE OF OFFENSE(S) | PLACE OF OFFENSE(S) | | ☐ Waiver of jury trial found after colloquy |
| 6/25/98 | New Bedford | | Advised of trial rights as pro se (Supp.R. 4) |
| COMPLAINANT | POLICE DEPARTMENT (if applicable) | jury waived | Advised of right to appeal to Appeals Ct (R. 28) |
| Sgt. Don Cook | New Bedford | | |
| DATE OF COMPLAINT | RETURN DATE AND TIME | | |
| 6/26/98 | 6/26/98 arrest    (DF$) | | |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| **a . TRAFFIC SIGNAL VIOLATION** C89 S9 | | | | | ☐ WAIVED |

DISPOSITION DATE & JUDGE  7/27/01  Malley

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
☒ Bench Trial
☐ Jury Trial
☐ None of the above

**FINDING**
☐ Not Guilty
☐ Guilty
☒ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation    ☐ Pretrial probation(276 §87) - until:
☐ To be dismissed upon payment of court costs/ restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim
    ☑ Request of Deft    ☐ Failure to prosecute ☐ Other:
    ☑ Filed with Deft's consent    ☐ Nolle Prosequi    ☐ Decriminalized (277 §70C)
FINAL DISPOSITION    JUDGE    DATE
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated; defendant discharged

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| **b. OPERATING A MV WITH DEFECTIVE EQUIPMENT c90 s7** | | | | | ☐ WAIVED |

DISPOSITION DATE & JUDGE  7/27/01  Malley

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
☒ Bench Trial
☐ Jury Trial
☐ None of the above

**FINDING**
☐ Not Guilty
☐ Guilty
☒ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation    ☐ Pretrial probation(276 §87) - until:
☐ To be dismissed upon payment of court costs/ restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim
    ☐ Request of Deft    ☐ Failure to prosecute ☐ Other:
    ☐ Filed with Deft's consent    ☐ Nolle Prosequi    ☐ Decriminalized (277 §70C)
FINAL DISPOSITION    JUDGE    DATE
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated; defendant discharged

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| **c. ILLEGAL POSS. CLASS A SUB. C94C S34** | | | | | 35 ☐ WAIVED |

DISPOSITION DATE & JUDGE  7/27/01  Malley

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
☒ Bench Trial
☐ Jury Trial
☐ None of the above

**FINDING**
☐ Not Guilty
☑ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☑ Probation  7/27/01  ☐ Pretrial probation(276 §87) - until:
☐ To be dismissed upon payment of court costs/ restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim    ee cond attached
    ☐ Request of Deft    ☐ Failure to prosecute ☐ Other:
    ☐ Filed with Deft's consent    ☐ Nolle Prosequi    ☐ Decriminalized (277 §70C)
FINAL DISPOSITION    JUDGE    DATE
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated; defendant discharged

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| **d. ILLEGAL POSS. CL B SUBSTANCE C94C S34** | | | | | ☐ WAIVED |

DISPOSITION DATE & JUDGE  7/27/01  Malley

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
☒ Bench Trial
☐ Jury Trial
☐ None of the above

**FINDING**
☐ Not Guilty
☑ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☑ Probation  7/27/01  ☐ Pretrial probation(276 §87) - until:
☐ To be dismissed upon payment of court costs/ restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim
    ☐ Request of Deft    ☐ Failure to prosecute ☐ Other:
    ☐ Filed with Deft's consent    ☐ Nolle Prosequi    ☐ Decriminalized (277 §70C)
FINAL DISPOSITION    JUDGE    DATE
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated; defendant discharged

☑ ADDITIONAL COUNTS ATTACHED

**COURT ADDRESS**
New Bedford District Court
75 N. Sixth St.
New Bedford, Ma. 02745

A TRUE COPY ATTEST:  X    CLERK-MAGISTRATE/ASST. CLERK    ON (DATE)

000015

## SCHEDULING HISTORY

| SCHEDULED DATE | SCHEDULED EVENT | RESULT | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|
| 1 | 7/27/98 | ☐ Held ☐ Cont'd | 6-21-99 | Status | UX June | |
| 2 | | ☐ Held ☐ Cont'd | | | | |
| 3 | 9-18-98 | P.T.Hs ☐ Cont'd | 9/29/99 ST | | | |
| 4 | 10-13-98 | HxM ☐ Cont'd | | | | |
| 5 | 11-29-98 | ☐ Held ☐ Cont'd | 10-12-99 ST | | | |
| 6 | 12-30-98 | ☐ Held ☐ Cont'd | 01-28-00 ST | | | |
| 7 | 12-30-98 | ☐ Held ☐ Cont'd | 27- | | | |
| 8 | 2/23/99 | ☐ Held ☐ Cont'd Pre-Trial Report Filed | 7/27/01 - P (O'malley) | | | |
| 9 | 3-15-99 | ☐ Held ☐ Cont'd | | | | |
| 10 | | ☐ Held ☐ Cont'd | | | | |

ARR=Arraignment  PT= Pretrial hearing  CE = Discovery compliance & jury election  T= Bench trial  J = Jury trial  PC = Probable cause hearing  M = Motion hearing  SR = Status review
SRP = Status review of payments  FA = First appearance in jury session  S.= Sentencing  CW = Continuance-without-finding scheduled to terminate  P = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted  WAR = Warrant issued  WARD = Default warrant issued  WR = Warrant or default warrant recalled  PR = Probation revocation hearing

### OTHER DOCKET ENTRIES

| ENTRY DATE | |
|---|---|
| 7/27/98 | Bailed: $1,000 cash - Theresa Araujo, 10 Butler St, S. Dart. |
| 8/8/98 | Motion filed by atty David Jorge Motion to Suppress Evidence cert of Service |
| 2-22-99 | motion to continue filed by atty D. Jorge to be heard on 2-22-99 - allowed J. markey |
| 6-8-99 | JJ |
| 6-8-99 | J. Powers Ct 4 Motion to Sup. ADA Flanagan Dif Atty Davis Jorge TAPE 3399 4520 at 0 to 2999 Order Adjournment |

### ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED & JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES & COMMENTS | √ WAIVED |
|---|---|---|---|---|
| 6/21/99 | Legal Counsel Fee (211D §2) | Denied | PaweeOry 6-9-99 | |
| | Legal Counsel Contribution (211D§2) | 99 0535 | C Start 1300 | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

| DOCKET | ADDITIONAL Page 2 Of 2 | DOCKET NUMBER 98330I | DOMINGOS J. ARAUJO |
|---|---|---|---|

**COUNT-OFFENSE**
e. ILLEGAL POSS. OF CLASS D SUBSTANCE    C94C S34

| | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|

DATE 8/26/98

**PLEA**
☑ Not Guilty    ☐ Guilty    ☐ Nolo
☐ New Plea:    ☐ Admits suff. facts

**FINDING**    1/27/00 Bench Trial    **JUDGE** O'Malley

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.    ☐ Appeal of disp.

**IMPRISONMENT AND OTHER DISPOSITION**
guilty - filed

**FINAL DISPOSITION**    DATE
☐ Discharged from probation
☐ Dismissed at request of probation

**COUNT-OFFENSE**
f. POSS. FIREARM, NOT HOME/WORK, NO LIC. C269 S10(a)

| | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|

DATE 8/26/98

**PLEA**
☑ Not Guilty    ☐ Guilty    ☐ Nolo
☐ New Plea:    ☐ Admits suff. facts

**FINDING**    1/27/00 Bench Trial    **JUDGE** O'Malley

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.    ☐ Appeal of disp.

**IMPRISONMENT AND OTHER DISPOSITION**
not guilty : n/a required finding

**FINAL DISPOSITION**    DATE
☐ Discharged from probation
☐ Dismissed at request of probation

**COUNT-OFFENSE**

| | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|

DATE

**PLEA**
☐ Not Guilty    ☐ Guilty    ☐ Nolo
☐ New Plea:    ☐ Admits suff. facts
**FINDING**    **JUDGE**

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.    ☐ Appeal of disp.

**IMPRISONMENT AND OTHER DISPOSITION**

**FINAL DISPOSITION**    DATE
☐ Discharged from probation
☐ Dismissed at request of probation

**COUNT-OFFENSE**

| | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|

DATE

**PLEA**
☐ Not Guilty    ☐ Guilty    ☐ Nolo
☐ New Plea:    ☐ Admits suff. facts
**FINDING**    **JUDGE**

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.    ☐ Appeal of disp.

**IMPRISONMENT AND OTHER DISPOSITION**

**FINAL DISPOSITION**    DATE
☐ Discharged from probation
☐ Dismissed at request of probation

**COUNT-OFFENSE**

| | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|

DATE

**PLEA**
☐ Not Guilty    ☐ Guilty    ☐ Nolo
☐ New Plea:    ☐ Admits suff. facts
**FINDING**    **JUDGE**

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.    ☐ Appeal of disp.

**IMPRISONMENT AND OTHER DISPOSITION**

**FINAL DISPOSITION**    DATE
☐ Discharged from probation
☐ Dismissed at request of probation

**COUNT-OFFENSE**

| | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|

DATE

**PLEA**
☐ Not Guilty    ☐ Guilty    ☐ Nolo
☐ New Plea:    ☐ Admits suff. facts
**FINDING**    **JUDGE**

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.    ☐ Appeal of disp.

**IMPRISONMENT AND OTHER DISPOSITION**

**FINAL DISPOSITION**    DATE
☐ Discharged from probation
☐ Dismissed at request of probation

000017

**DOCKET CONTINUATION**

NAME OF DEFENDANT: _Domingos Ara_

DOCKET NUMBER: 98-4684

| NO. | DATE | DOCKET ENTRIES |
|-----|------|----------------|
| | 1/27/00 | ADA P. Kitchen |

| DATE | TAPE | START | STOP |
|------|------|-------|------|
| 1/27 | 3800-00190 | 2550 | end 3763 |
| Cont'd to | 0020D | 0001 | |
| | | | |
| | | | |

_written waived_

ADA P. Kitchen
Atty D. Jorge
4 civ. witnesses sworn
& s sworn
Witnesses requested

| | | |
|--|--|--|
| 1/27/00 | exhibits # 1(a), (b), + (c) entered for Comm. + 11:25 am |
| | exhibits # 2 - handgun @ 11:50 |
| | exhibits # 3 (a)(b)(c) drug certs @ 12:10 |
| | exhibits # 4  Cert. |
| | Comm rests 12:10 |
| 1-28-00 | ABSTRACT MAILED REGISTRAR |
| | BAIL REFUNDED |
| | CK # 16484 AMT. $ 1000.00 |
| | DATE: 1/31/2000 |
| | TO: Theresa Araujo |
| 11/12/00 | case adv. per prob to 1/4/01 Summ - 9:00 am |
| 12/26/00 | Surr Inc. to atty. D. Jorge + 1/4/01. surr |
| 2/15/01 | por |
| 1/12/01 | Released on pers. recog. from Taunton Ct to appear at N. B on 1-19-01 - 9:00 am (status) |
| 02/12/01 | SURR @ 9:00 am |
| 2/14/01 | D admits V/o P prob revok. |

000018

| NO. | DATE | DOCKET ENTRIE |
|-----|------|---------------|
| | 1-25-02 | Motions filed by atty Harold Bozes see 9933CR 5415 |
| | 1-30-02 | Motions filed by ADA Rule (Clifford) to Be heard 1-31-02 |
| | | - Commonwealth 's Answer in Opposition to Def. Motion for new trial & Motion to Recuse & Burke - Cert of Service ( see 9933CR5415 ) |
| | 2/17/02 | Motion denied · J. O'malley · norified atty · ADA |
| | 11-18-03 | Motion filed by atty Walter Faris to be heard 11-19-03 (see 99-5415) |
| | 11-19-03 | 3303 2097 · atty W. Faris & Judge O'Dea - Motion all to end at 1200 |
| | — | Dec 30/03 status |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**NAL DOCKET**    CR005415    ATTORNEY NAME

| | |
|---|---|
| COURT DIVISION - New Bedford | ☐ INTERPRETER    ...ED |

DATE and JU...

DOCKET ENTRY

☐ Attorney appointed (SJC R. 3:10)
☐ Atty denied and Deft Advised per 211D §2A
☐ Waiver of counsel found after colloquy

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

ARAUJO, DOMINGOS J.
5455 NO MAIN ST
10C
FALL RIVER, MA 02748

Terms of release set:
☑ PR ☐ Bail:
☐ Held (276 §58A)
☐ See back for special conditions

Arraigned and advised:
☐ Potential of bail revocation (276 §58)
☐ Right to bail review (276 §58)
☐ Right to drug exam (111E §10)

| | | |
|---|---|---|
| DEFT. DOB and SEX 11/19/1967   M | | |
| DATE OF OFFENSE(S) 03/31/1999 | PLACE OF OFFENSE(S) NEW BEDFORD | |
| COMPLAINANT NETINHO, RICHARD | POLICE DEPARTMENT (if applicable) NEW BEDFORD PD - REC | |
| DATE OF COMPLAINT 08/27/1999 | RETURN DATE AND TIME 08/31/1999 08:30:00 | |

☐ Advised of right to jury trial
   ☐ Does not waive
   ☐ Waiver of jury trial found after colloquy
☐ Advised of trial rights as pro se (Supp. R. 4)
☐ Advised of right of appeal to Appeals Ct (R. 28)

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | VW ASSESSMENT |
|---|---|---|---|---|---|
| 1. 94C/27/I HYPODERMIC, POSSESS c94C §27 | | | | | 35 ☐ WAIVED |

DISPOSITION DATE and JUDGE   1/27/00   (signature) Malley

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☑ Probation 7/27/01 ☐ Pretrial Probation (276 §87) - until: Concw 9833 CR 0468Y
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
   ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

DISPOSITION METHOD
☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☑ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

JUDGE     DATE

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | VW ASSESSMENT |
|---|---|---|---|---|---|
| 2. 94C/34/C DRUG, POSSESS CLASS B c94C §34 | | | | | ☐ WAIVED |

DISPOSITION DATE and JUDGE   1/27/00   (signature) Malley

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☑ Probation 7/27/01 ☑ Pretrial Probation (276 §87) - until: Conc w #1
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
   ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

DISPOSITION METHOD
☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☑ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

JUDGE     DATE

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | VW ASSESSMENT |
|---|---|---|---|---|---|
| | | | | | ☐ WAIVED |

DISPOSITION DATE and JUDGE

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
   ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

JUDGE     DATE

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | VW ASSESSMENT |
|---|---|---|---|---|---|
| | | | | | ☐ WAIVED |

DISPOSITION DATE and JUDGE

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
   ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

TRUE COPY

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

Clerk Magistrate

JUDGE     DATE

☐ ADDITIONAL COUNTS ATTACHED

COURT ADDRESS
New Bedford District Court
75 North Sixth Street

| A TRUE COPY ATTEST:   X | CLERK-MAGISTRATE/ASST. CLERK | ON (DATE) |
|---|---|---|

BER: S933CR005415    NAME: ARAUJO, DOMINGOS J

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|
| 1 | 10-12-99 | arr.e | ☐ Held  ☐ Cont'd  arr. | | | | |
| 2 | 01-20-00 | | ☐ Held  ☐ Cont'd  motion | | | | |
| 3 | 7/27/01 | P - O'Malley | ☐ Held  ☐ Cont'd | | | | |
| 4 | 9-14-00 | motion | ☐ Held  ☐ Cont'd  the lists not present th | | | | |
| 5 | 11-14-00 | Prob rev e | ☐ Held  ☐ Cont'd | | | | |
| 6 | | 8:30 | ☐ Held  ☐ Cont'd | | | | |
| 7 | 1/4/01 | surr | ☐ Held  ☐ Cont'd  2-14-01 | Riley | 038 | 70 | |
| 8 | | 30 | ☐ Held  ☐ Cont'd | | | | |
| 9 | 12-21-00 | adv per | ☐ Held  ☐ Cont'd | | | | |
| 10 | 1/4/01 | surr | ☐ Held  ☐ Cont'd | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Warrant or default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 10-28-99 | motions filed by atty J.D. Joyce to be heard on Jan. 27, 1999.  Defendant's motion to Suppress Evidence  affidavit in Support of Defendant's motion to Suppress Evidence  Certificate of Service |
| 9/11/00 | Motion filed by defendant (pro se to be heard on 9-14-00 before J. O'Malley  Motion for New Trial |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|---|---|---|---|---|
| | Legal Counsel Fee (211D §2A ¶2) | | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |
| | | | | |
| | | | | |

Attest: ☐ Copy

000021

CONTINUATION — Dominic Arru — 99-5975

| NO. | DATE | DOCKET ENTRIES |
|---|---|---|
| | 9/27/00 | D's letter returned by post-office |
| | | Motion never addressed |
| | | ABSTRACT MAILED REGISTRAR |
| | | DATE 11/30/00 INITIAL |
| | 12/28/00 | Atty. D Jorge filed app |
| | 1/12/01 | Released on pers recog from Taunton |
| | | CH to appear at NB on 1-19-01-9:00 am |
| | | stadh |
| | | DEMAND SURER @ 9:00 AM KDME — |
| | 2-4-01 | D admit V/O P prob revoked D one day |
| | | To serve 6 mos. H@C |
| | 10-11-01 | Appearance filed by Atty Judith Borg s) |
| | 1-25-02 | Atty Judith Borges - Motion filed by atty |
| | | — Motion for New Trial |
| | | — Motion to Revise & Revoke Motion |
| | | — Affidavit in support of Motion |
| | | — Cert of Service |
| | 1-30-01 | Motions filed by ADA Paula Capford to be heard |
| | | 1-30-02 |
| | | — Motion by Commonwealth Opposition to D's |
| | | Motion for New Trial & Motion to Revise & Revoke |
| | | — Cert of Service |
| | 2/27/01 | Motion denied - J O'malley notified atty - ADA |
| | 11-18-03 | Motions filed by Atty Walter Fund to be Heard 11-19-03 |
| | | — Motion to Waive Appearance |
| | | — Motion to Vacate |
| | | — Def.'s Affidavit |

C-CR 14 (12/89)

000022

| NO. | DATE | DOCKET ENTRIES |
|-----|------|----------------|
| 11-19 03 | | 33032097 · atty W Farea & Judge |
| | | O Sea Motion all d |
| | | |
| | — | Dec 30/03 Status |

000023

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                         DISTRICT COURT
                                                    NO. 99-5415A, 99-5415B
                                                    98-4684C, 98-4684D

COMMONWEALTH                          )
                                      )
VS.                                   )
                                      )
DOMINGOS ARAUJO                       )

## **MOTION TO VACATE**

Now comes the defendant, Domingos Araujo, and moves this Honorable Court to vacate

the convictions on the following cases: 99-5415 A & B and 98-4684 C & D.

In support of this motion, see Affidavit attached hereto.



Respectfully submitted,
Domingos Araujo
By their attorney,

Walter P. Faria, Esquire
286 Union Street
New Bedford, MA  02740
(508) 984-4555
BBO# 159000
November 17, 2003

000024

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                              DISTRICT COURT
                                               NO:    99-5415A, 99-5415B
                                                      98-4684C, 98-4684D

COMMONWEALTH                      )
                                  )
V.                                )          **DEFENDANT'S AFFIDAVIT**
                                  )
DOMINGOS ARAUJO                   )

KNOW ALL MEN BY THESE PRESENTS, that I, Domingos Araujo, do on oath, depose and state as follows:

I am presently serving time for violation of my Probation. I entered guilty pleas in cases in 1999,

and 1998 while I was addicted to both heroin and cocaine. I was so addicted that when I entered my

pleas of guilty, that the only thing I remember was that I was not going to jail.

Signed and sworn to under the pains and penalties of perjury this 6th day of November 2003.


_____
Domingos Araujo

United States Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals
Falls Church, VA

In the Matter of Domingos Joao Liberal De Araujo          A 30 898 697 **Detained**

### RESPONDENT'S REQUEST FOR EMERGENCY
### STAY OF DEPORTATION

Now comes the Respondent, Domingos De Araujo, and through his attorney respectfully requests the Board to grant an emergency stay pending a determination on his Request to the Board to Reopen Proceedings Sua Sponte. As reasons therefore the Respondent states as follows:

1.      Respondent has filed a request to the Board to Reopen Proceedings Sua Sponte together with this Motion.

2.      On information and belief the Respondent is scheduled to be removed to Portugal on Friday, November 21, 2003.

3.      Respondent is currently detained at the Plymouth County House of Correction in Plymouth, Massachusetts and his deportation officer is Officer Santos in Boston.

4.      Officer Santos may be reached by telephone at 617-565-3304.

5.      Respondent believes that both this Motion and his request to the Board to re-open to be substantial and non-frivolous.

6.      Respondent will clearly suffer irreparable harm if he is ordered removed from the United States prior to the Board's consideration.

WHEREFORE, Respondent respectfully requests the Board to grant an emergency stay in this matter.

Respectfully submitted,
Domingos De Araujo
By His Attorney,

Date:   November 19, 2003

Frederick Q. Watt
Watt & Sylvia
628 Pleasant Street
New Bedford, MA 02740
508-984-1470
BBO# 565839

000026

## Certificate of Service

I, Frederick Q. Watt, certify that on this 19th day of November, 2003, I served a copy of the within Request for Emergency Stay of Deportation to the Department of Homeland Security, Litigation Unit, JFK Federal Building, Room 425, Boston, Massachusetts 02203 by first class mail, postage prepaid.

Frederick Q. Watt

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A30 898 697 - Boston                    Date:        MAR 2 2 2004

In re: DOMINGOS JOAO LIBERAL DE ARAUJO a.k.a. Domingos Araujo

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Frederick Q. Watt, Esquire

CHARGE:

    Notice:  Sec.    237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                     Convicted of aggravated felony

    Lodged:  Sec.    237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
                     Convicted of controlled substance violation

APPLICATION: Reopening; waiver of inadmissibility under section 212(c)

ORDER:

       PER CURIAM. In a decision dated February 13, 2002, an Immigration Judge found the respondent ineligible for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) and for cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a), and ordered him deported to Portugal. [1] The Immigration Judge's decision was based upon the respondent's November 7, 1995, conviction for assault and battery upon a Department of Corrections officer, and his January 27, 2000, conviction for possession of a controlled substance (heroin and cocaine). The respondent appealed that decision and the Board summarily dismissed his appeal on July 8, 2002. On July 29, 2002, the respondent filed a timely motion to reconsider which the Board denied on December 23, 2002. The respondent then filed on January 22, 2003, a motion to reopen which reiterated the arguments made in his earlier motion to reconsider. The Board considered the motion to be a second motion to reconsider and denied the motion as number-barred on March 7, 2003. The Board also stated that even if it were to consider the motion as a motion to reopen, the motion would be denied as untimely. On November 20, 2003, the respondent file a motion to reopen and a motion for a stay of removal. We denied the stay request on November 21, 2003.

---

[1] The Immigration Judge expressly did not rely upon the respondent's January 6, 1992, conviction for assault and battery with a dangerous weapon in either finding the respondent removable from the United States or ineligible for relief because the respondent's 1992 conviction had been vacated on May 1, 2001, because he had not been advised of the immigration consequences of pleading guilty as required by state statute.

A30 898 697

We now address the respondent's most recent motion to reopen. In that motion, the respondent argues that he has obtained court orders vacating his January 27, 2000, convictions for possession of a controlled substance. Attached to his motion are copies of the court documents showing that the respondent's convictions were vacated on the basis of a 3-sentence affidavit from the respondent, dated November 6, 2003, in which he stated that

> I am presently serving time for violation of my probation. I entered guilty pleas in cases in 1999, and 1998 while I was addicted to both heroin and cocaine. I was so addicted that when I entered my pleas of guilty, that the only thing I remember was that I was not going to jail.

The respondent contends that since the reason for the vacating of the convictions is not due to the immigration consequences arising from those convictions, his case should be reopened so that he can apply for a waiver of inadmissibility under section 212(c) of the Act for his November 7, 1995, conviction for assault on a Department of Corrections employee. *See Matter of Pickering*, 23 I&N Dec. 621 (BIA 2003). We disagree for the following separate and independent reasons.

First, the respondent's affidavit, which appears to be the sole support for the vacating his convictions, is extremely limited in nature. We need more information before we find that reason for the vacating of his convictions is sufficiently unrelated to the immigration consequences arising from his convictions. Second, we find that the respondent is undeserving of a section 212(c) waiver in the exercise of discretion. He has had four criminal convictions, two for assault, one of which involved a dangerous weapon, and two involving possession of a controlled substance (heroin and cocaine). We recognize that three of these convictions have been vacated. However, none have been vacated because the respondent was not guilty of the crimes committed. The affidavit in support of the vacating of the two controlled substance convictions indicates that at the time that he filed his affidavit he was incarcerated for probation violations. His criminal actions, and apparent inability to comply with the terms of his probation do not support the reopening of proceedings to apply for discretionary relief which we do not believe he merits in the exercise of our discretion.

Accordingly, the motion to reopen is denied.

FOR THE BOARD

2

# United States Court of Appeals
## For the First Circuit

No. 04-1512

DOMINGOS JOAO LIBERAL DE ARAUJO,

Petitioner,

v.

JOHN ASHCROFT, Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
OF THE BOARD OF IMMIGRATION APPEALS

Before

Selya, *Circuit Judge*,

Campbell, *Senior Circuit Judge*,

and Lipez, *Circuit Judge*.

William E. Graves, Jr., with whom Kerry E. Doyle and Graves & Doyle, were on brief, for petitioner.
Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, Department of Justice, with whom Peter D. Keisler, Assistant Attorney General, and Donald E. Keener, Deputy Director, were on brief, for respondent.

February 23, 2005

**CAMPBELL**, **Senior Circuit Judge**. Petitioner Domingos Joao Liberal De Araujo, a native and citizen of Portugal, challenges the finding of an Immigration Judge (IJ) that he is removable for having committed an aggravated felony. He petitions this court to review the Board of Immigration Appeals' (BIA) denial of his motion to reopen sua sponte the removal proceedings. We reject his petition for review for lack of jurisdiction.

I.

Petitioner entered the United States as a lawful immigrant on September 4, 1973. On January 6, 1992, petitioner was convicted in Massachusetts state court of assault and battery with a dangerous weapon and was sentenced for the offense to two and one-half years' imprisonment. On April 6, 2000, the former Immigration and Naturalization Service (INS) issued to petitioner a Notice to Appear, charging him with being removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii),[1] for having committed an aggravated felony, as defined in section 101(a)(43)(F) of the INA, 8 U.S.C. §

---

[1]8 U.S.C. § 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

1101(a)(43)(F),[2] to wit, a crime of violence, as defined in 18 U.S.C. § 16.

Petitioner failed to appear for the scheduled hearing before the IJ on January 4, 2001, and, in absentia, the IJ ordered him removed.  On April 2, 2001, the Massachusetts state court vacated the 1992 conviction for assault and battery with a dangerous weapon, and petitioner then moved to reopen the removal proceedings.  On July 6, 2001, the IJ granted the motion to reopen.

On October 3, 2001, the former INS amended the original charging document.  The amendment alleged that petitioner was removable on account of a November 7, 1995 Connecticut state conviction of assault on a Department of Corrections employee and also on account of a January 27, 2000 Massachusetts state conviction for a controlled substance offense.  Removeability for the Connecticut assault was charged under section 237(a)(2)(A)(ii) of the INA and for the Massachusetts controlled substance offense under section 237(a)(2)(A)(iii) of the INA.[3]

---

[2]8 U.S.C. § 1101(a)(43)(F) defines the term "aggravated felony" as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year."

[3]The amendment appears to misstate the particular provisions pursuant to which petitioner was subject to removal.  The INS charged that petitioner was subject to removal under section 237(a)(2)(A)(ii) of the INA for having been convicted of an aggravated felony.  The appropriate statute for an aggravated felony, however, is section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii).  The INS further charged that petitioner was subject to removal under section 237(a)(2)(A)(iii) of the INA for

-3-

At a hearing before the IJ, petitioner argued that he was eligible for relief under former section 212(c) of the INA, 8 U.S.C. § 1182(c), because his 1995 conviction predated the repeal of section 212(c), and, despite his controlled substance offense, he would be eligible for cancellation of removal under section 240A of the INA, 8 U.S.C. § 1229b.[4] On October 31, 2001, at another hearing before the IJ, the government argued that there was more than one drug conviction and that under the rationale of Amaral v. INS, 977 F.2d 33 (1st Cir. 1992), the subsequent conviction for possession made petitioner an aggravated felon and, therefore, ineligible for cancellation of removal.

---

having been convicted of a controlled substance offense. But the appropriate statute for a controlled substance offense, language from which the amendment includes, is section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i). While multiple controlled substance offenses may amount to an aggravated felony, see Amaral v. INS, 977 F.2d 33 (1st Cir. 1992), the amendment only charged a single controlled substance conviction.

[4]Former section 212(c) of the INA, 8 U.S.C. § 1182(c), granted the Attorney General broad discretion to provide relief from exclusion and deportation to lawful permanent residents convicted of certain criminal offenses who had resided in the United States for seven consecutive years. In 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) which, inter alia, repealed section 212(c) and replaced it with a new form of discretionary relief, "cancellation of removal," under section 240A of the INA, 8 U.S.C. § 1229b, which restricts eligibility for relief to a narrower class of candidates than did section 212(c). See Pub. L. No. 104-208, 110 Stat. 3009-546 (1996); INS v. St. Cyr, 533 U.S. 289, 297 (2001). That class, so narrowed, does not include anyone "convicted of any aggravated felony." Id. (quoting 8 U.S.C. § 1229b(a)(3)). In St. Cyr, the Supreme Court held that the repeal of section 212(c) by the IIRIRA did not apply retroactively to an alien who pled guilty to an aggravated felony prior to the repeal. Id. at 315.

-4-

On February 13, 2002, after a hearing, the IJ ordered petitioner removed, finding (1) that the Connecticut assault conviction, while a "close call", was a crime of violence under 18 U.S.C. § 16 and, therefore, was a removable offense under 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii), and (2) that the existence of the Massachusetts drug convictions ruled out application for cancellation of removal. The IJ noted, however, that petitioner had pending in Massachusetts state court a motion to vacate the drug convictions. If that motion were to be granted, the IJ stated that petitioner would become eligible to seek relief under former section 212(c) of the INA, 8 U.S.C. § 1182(c).

Petitioner timely filed a notice of appeal to the BIA from the order of removal, stating he would file a brief in support of the appeal. On May 8, 2002, petitioner requested an extension of time to file his appellate brief, and the BIA granted an extension to June 21, 2002. The BIA did not, however, receive the brief until June 24, 2002. Accordingly, it rejected the brief as untimely. On July 8, 2002, the BIA summarily dismissed the appeal, citing petitioner's failure to have filed a brief. On the same day, petitioner moved the BIA to consider his tardily-filed brief, blaming Federal Express for the brief's late delivery.[5]   That motion was received by the BIA subsequent to issuance of its July

---

[5]It appears that the wrong zip code had been provided, but petitioner asserted that Federal Express had the remaining proper information in order to deliver the brief.

8, 2002 order dismissing the appeal, and it does not appear the BIA took any action with regard to it. Petitioner did not at any time thereafter petition this court for review of the BIA's dismissal of the appeal and of the underlying removal order which thereupon became effective, infra.

On July 26, 2002, petitioner moved the BIA to reconsider its July 8, 2002 summary dismissal of his appeal. The BIA denied that motion on December 23, 2002. On January 22, 2003, petitioner moved the BIA to reopen. The BIA denied the motion, reasoning that it was, "in essence," a second motion to reconsider that exceeded the numerical limit of one motion to reconsider allowed under 8 C.F.R. § 1003.2(b)(2).

On November 19, 2003, upon petitioner's motion, the Massachusetts court vacated his state convictions for controlled substance offenses. This was done in response to petitioner's affidavit that he entered guilty pleas in 1998 and 1999 "while [he] was addicted to both heroin and cocaine," and that he "was so addicted that when [he] entered [his] pleas of guilty, [] the only thing [he] remember[ed] was that [he] was not going to jail."

On November 20, 2003, pointing to the vacation of his Massachusetts controlled substance convictions, petitioner moved the BIA to reopen the removal proceedings sua sponte. Petitioner acknowledged that convictions vacated in order to avoid immigration consequences remain countable under the INA.   See Matter of

-6-

Pickering, 23 I. & N. Dec. 621, 625 (BIA 2003) (affirming removal on basis of quashed conviction where "quashing of the conviction was not based on a defect in the conviction or in the proceedings underlying the conviction, but instead appears to have been entered solely for immigration purposes"). He stated that, while the Massachusetts state case record was "unclear as to all of the factual reasons for the Court's decision," his affidavit in support of the motion to vacate the convictions "certainly suggests that the pleas were entered without sufficient clarity of mind to render them knowing and intelligent." Petitioner's motion further asserted that his convictions prior to 1996 were waivable under section 212(c) in accordance with St. Cyr. See 533 U.S. at 315. Petitioner "acknowledge[d] that he ha[d] met and/or exceeded the allowable number of Motions to Re-open and/or Reconsider," but he requested the BIA to invoke its sua sponte authority to reopen the case because of his "clear eligibility for a 212C Hearing" on the question of whether the INS would waive his Connecticut conviction for assault on the Department of Corrections employee.

On March 22, 2004, the BIA issued an order and explanation denying petitioner's motion to reopen. The BIA described petitioner's affidavit in support of his motion to vacate his Massachusetts drug convictions as "extremely limited in nature," and stated that the BIA would "need more information before [it] [found] that [the] reason for the vacating of his

-7-

convictions is sufficiently unrelated to the immigration consequences arising from his convictions." The BIA went on to note that while three of petitioner's four convictions, two for assault (one with a dangerous weapon) and two for controlled substances, had been vacated, none were vacated on the ground that petitioner was not factually guilty. Moreover, at the time he filed his affidavit in support of vacating the drug convictions he was incarcerated for probation violations. The BIA concluded that these factors "do not support the reopening of proceedings to apply for discretionary relief which we do not believe [petitioner] merits in the exercise of our discretion." From this denial by the BIA of his motion to reopen, petitioner filed a timely petition for review in this court.

## II.

Petitioner advances two contentions in support of his present petition for review from the BIA's denial of reopening. First, he argues that his remaining November 7, 1995 conviction for assault against a Connecticut Department of Corrections employee did not constitute an aggravated felony. Second, he claims that the BIA abused its discretion in failing to reopen his removal proceedings. We lack jurisdiction over both claims.

## A. The IJ's Order of Removal

Whether petitioner's 1995 conviction of an assault on a Connecticut Department of Corrections employee did or did not

-8-

amount to an aggravated felony is not an issue now open for review. The IJ's February 12, 2002 ruling that the 1995 conviction was a crime of violence under 18 U.S.C. § 16 and, therefore, an aggravated felony which rendered petitioner subject to removal, became final on July 8, 2002 when the BIA dismissed his appeal from the IJ's February 12, 2002 order. See 8 C.F.R. § 241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals . . . ."). Petitions for review addressed to this court from BIA orders must be filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). This time limit is "a strict jurisdictional requirement." Ven v. Ashcroft, 386 F.3d 357, 359 (1st Cir. 2004) (quoting Zhang v. INS, 348 F.3d 289, 292 (1st Cir. 2003)). Here, petitioner never filed a timely petition for review of the BIA's dismissal of his appeal and of the underlying removal order based in part on the Connecticut assault conviction.

We note that the running of the 30-day period for filing a petition for review was not interrupted by petitioner's subsequent motions to reopen or reconsider. See id. at 359-60 ("A motion to reopen or reconsider does not toll the period for filing a petition for judicial review of the underlying order of deportation; in immigration cases the time to appeal denial orders

-9-

continues to run despite the filing of motions to reopen or reconsider . . . ."). Because petitioner never filed in this court a petition for review within thirty days of the BIA's July 8, 2002 dismissal of the appeal from the IJ's order of removal, we now lack jurisdiction to review the correctness of the IJ's underlying finding that the 1995 Connecticut conviction of assault was for an aggravated felony.

Petitioner, it is true, filed a timely petition for review of the BIA's subsequent March 22, 2004 order denying his later motion to reopen.  But neither petitioner's motion to reopen nor the BIA's March 22, 2004 order addressed the claim that the 1995 Connecticut conviction was not a crime of violence, hence not an aggravated felony warranting removal.  The strict jurisdictional bar thus precludes our present consideration of petitioner's contention that his 1995 conviction was not a crime of violence, because that claim is nowhere included in the matters covered by the present motion to reopen and the BIA's ruling thereon. Petitioner never filed a timely petition for review raising that claim.  See 8 U.S.C. § 1252(b)(1); Ven, 386 F.3d at 359.

## B.  The BIA's Denial of the Motion to Reopen

Petitioner further contends that the BIA abused its discretion in denying his November 20, 2003 motion to reopen his removal proceedings sua sponte so that he could pursue a section 212(c) waiver now that his drug convictions have been vacated.

Petitioner also argues that, by failing to reopen its proceedings, the BIA deprived him of his constitutional right to due process because he was not granted a fair opportunity to establish his eligibility for relief from removal under section 212(c) of the INA or to present to an IJ his case for such discretionary relief. See Bernal-Vallejo v. INS, 195 F.3d 56, 64 (1st Cir. 1999) (holding that due process argument based on ineffective assistance of counsel "does not involve a matter that Congress committed to agency discretion"); Ravindran v. INS, 976 F.2d 754, 762 (1st Cir. 1992) ("claims of a denial of due process may be exempt from [the exhaustion requirement] where they are of the kind the BIA could not adjudicate because of their predominantly constitutional character").

Because we conclude above that we lack jurisdiction to review petitioner's claim that his assault conviction was not for a crime of violence, he remains removable on that ground, and we lack jurisdiction to reach his other claims on direct review. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C); Emile v. INS, 244 F.3d 183, 189 (1st Cir. 2001) ("Because Emile was convicted of an aggravated felony, we have no authority to consider on direct review any other claim once we conclude that he was legitimately so classified."); Sousa v. INS, 226 F.3d 28, 34 (1st Cir. 2000) ("[H]aving determined that [Sousa] is removable as an aggravated felon, our authority to act in this case with respect to the

-11-

removal proceeding, including incidental rulings on discretionary relief, is at an end.").

### III.

The petition for review is dismissed for lack of jurisdiction. So ordered.

⸿JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Domingos de ARAUJO

**DEFENDANTS**

Alberto GONZALES, Attorney General; Michael CHERTHOFF, Director, Department of Homeland Security, Bruce

**(b)**  County of Residence of First Listed Plaintiff    Bristol, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    District of Colombia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

William Graves, Graves & Doyle, 77 Franklin Street, Boston, MA 02110
617-542-6400

Attorney's (If Known)

# 05   10968 RCL

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1    U.S. Government
Plaintiff

☐ 3    Federal Question
(U.S. Government Not a Party)

☒ 2    U.S. Government
Defendant

☐ 4    Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☒ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (Do not cite jurisdictional statutes unless diversity):
8 U.S.C. 2241

Brief description of cause:
Review of an order of deportation.

## VII.  REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**    ☐ Yes   ☐ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**GRAVES & DOYLE**

ATTORNEYS AT LAW

77 FRANKLIN STREET, 3RD FLOOR

BOSTON, MA 02110

WILLIAM E. GRAVES JR.

KERRY E. DOYLE

TEL: (617) 542-6400

FAX: (617) 542-6411

BY HAND

May 10, 2005

Clerk of Courts

United States District Court

Federal Courthouse

Boston, MA

05 10968 RCL

Re:    ARAUJO v.GONZALES et al

Petition for Habeas Corpus

Dear Sir or Madam:

Enclosed for filing please find a Petition for Habeas Corpus. Please do hesitate to call me if you
have any questions.  Thank you for your cooperation.

Very truly yours,

William E. Graves Jr.