UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOMINGOS DE ARAUJO,      )<br>                                                  )<br>     Petitioner,              )<br>                                                  )<br>v.                                            )<br>                                                  )<br>ALBERTO GONZALES, Attorney General )<br>of the United States, et al.,        )<br>                                                  )<br>     Respondents.          ) | Civil Action No.<br>05-10968-RCL |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO TRANSFER CASE TO THE FIRST CIRCUIT COURT OF APPEALS PURSUANT TO SECTION 106(c) OF THE REAL ID ACT OF 2005**

Respondents move to transfer this action to the First Circuit Court of Appeals pursuant to Section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA").  See Attachment A.

As noted more fully below, Congress has eliminated habeas jurisdiction to entertain challenges to the validity of orders of removal and provided for exclusive jurisdiction for such claims in the courts of appeal.  Congress has further directed that any habeas claim challenging the validity of an order of removal pending on the date of enactment, May 11, 2005, shall be transferred to the court of appeals.

## I. THE DISTRICT COURT NOW LACKS SUBJECT MATTER JURISDICTION OVER PETITIONER'S CLAIMS AND EXCLUSIVE JURISDICTION EXISTS IN THE COURT OF APPEALS

On May 11, 2005, the President signed into law the RIDA which, among other things, amends certain provisions of the Immigration and Nationality Act ("INA"). Section 106(a) of the RIDA has explicitly and unequivocally eliminated habeas jurisdiction in the district courts to entertain any challenge to the validity of a removal order. Specifically, Section 106(a)(2) of the RIDA, amends 8 U.S.C. §1252(9) to provide:

> CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW- Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. *Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.*

Id. (amendments italicized). Section 106(a)(3) of the RIDA further amends 8 U.S.C. § 1252(g) to provide:

> EXCLUSIVE JURISDICTION.--Except as provided in this section and *notwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,* no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

Id. (amendments italicized).

Congress has also amended the judicial review provisions of the INA to explicitly provide that jurisdiction to review any and all removal orders lies exclusively in the United States Circuit Courts of Appeals and that no other court has any jurisdiction to review the validity of such removal orders. Section 106(a)(1)(B) of the RIDA creates a new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5):

> (5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Id. Congress has also repealed the prior limitation on appeals by criminal aliens.[1] Section 106(a)(1)(A)(iii) of the RIDA provides:

> JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.-
> Nothing in subparagraph (B) or (C) [i.e., INA sections 242(a)(2)(B) and (C), 8 U.S.C. §§ 1252(a)(2)(B) and (C)], or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Id.[2]

---

[1] Prior to the enactment of the RIDA, criminal aliens were precluded from appealing their removal orders to the courts of appeal. See former 8 U.S.C. § 1252(a)(1)(C).

These amendments became effective on the date of enactment, May 11, 2005. Section 106(b) of the RIDA provides:

> EFFECTIVE DATE.- The amendments made by subsection [RIDA 106] (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division.

Id.

The sum and substance of these amendments is to make explicit that no court other than the court of appeals has any subject matter jurisdiction respecting "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States," and respecting "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this [INA]." See INA sections 242(b)(9) and 242(g), codified at 8 U.S.C. §1252(b)(9) and (g), respectively, as amended by the RIDA.

This action is indisputably within Congress' constitutional authority. See INS v. St. Cyr, 533 U.S. 289, 314 n.38 (2001) ("Congress could without raising any constitutional questions, provide an adequate substitute [to section 2241] through the courts of appeal."); see also Swain v. Pressley, 430 U.S. 373, 381 (1977) ("[T]he

---

[2] See also, Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Under the amendments in section 106, all aliens will get review in the same forum -- the courts of appeal.").

4

substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention" does not violate the Suspension Clause).

Thus, this Court no longer has jurisdiction and exclusive jurisdiction to entertain the Petitioner's claims lies in the court of appeals.

**II.    CONGRESS HAS DIRECTED THAT ALL PENDING HABEAS ACTIONS CHALLENGING AN ORDER OF REMOVAL BE TRANSFERRED TO THE COURT OF APPEALS IN WHICH A DIRECT PETITION FOR REVIEW WOULD HAVE BEEN APPROPRIATELY FILED**

To further effectuate this revision of the judicial review provisions, Section 106(c) of the RIDA provides that any habeas corpus actions challenging the validity of any order of removal pending on May 11, 2005, the date of the RIDA enactment, shall be transferred to the appropriate court of appeals. That section provides:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant

>Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply. [3]

Id.

This action, challenging the validity of the Petitioner's order of removal, was pending on May 11, 2005.  As De Araujo was ordered removed by an Immigration Judge in Boston, Massachusetts, this matter should be transferred to the First Circuit Court of Appeals in accord with the direction of Section 106(c).

---

[3] INA section 242(b)(1), 8 U.S.C. § 1252(b)(1), is the requirement that judicial review petitions to the circuit courts be filed within 30 days of the date of a final order of removal.  Thus, habeas cases transferred to the circuit court under RIDA section 106(c) are essentially forgiven what otherwise could be a statutory jurisdictional time bar in most cases.

## CONCLUSION

Accordingly, the Court now lacks subject matter jurisdiction over the petition and this case should be transferred to the First Circuit Court of Appeals pursuant to section 106(c) of the RIDA.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley Courthouse
One Courthouse Way
Boston, MA 02210
(617) 748-3100

### CERTIFICATE OF COMPLIANCE

I hereby certify that I attempted to contact Attorney Graves regarding the relief sought by way of this motion on May 20, 2005 and left a voicemail.

/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on May 20 , 2005.

/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney

Case 1:05-cv-10968-RCL   Document 5-2   Filed 05/20/2005   Page 1 of 9

PL 109-13, 2005 HR 1268 Slip Copy                                                                    Page 57
(Publication page references are not available for this document.)

SEC. 6079. Section 117 of title I of division I of the Consolidated Appropriations Act, 2005 (Public Law 108-447) is amended by striking "that are deposited into the Medical Care Collections Fund may be transferred and merged with" and inserting "may be deposited into the".

CONTRACTS FOR HOSPITAL CARE AND MEDICAL SERVICES

SEC. 6080. Section 1703(d)(2) of title 38, United States Code, is amended by striking "shall be available for the purposes" and inserting "shall be available, without fiscal year limitation, for the purposes".

IMPLEMENTATION OF MISSION CHANGES AT SPECIFIC VETERANS HEALTH ADMINISTRATION FACILITIES

SEC. 6081. (a) IN GENERAL.--Section 414 of the Veterans Health Programs Improvement Act of 2004, is amended by adding at the end the following:

"(h) DEFINITION.--In this section, the term 'medical center' includes any outpatient clinic.".

(b) EFFECTIVE DATE.--The amendment made by subsection (a) shall take effect as if included in the Veterans Health Programs Improvement Act of 2004 (Public Law 108-422).

This division may be cited as the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005".

DIVISION B--REAL ID ACT OF 2005

SECTION 1. SHORT TITLE.

This division may be cited as the "REAL ID Act of 2005".

TITLE I--AMENDMENTS TO FEDERAL LAWS TO PROTECT AGAINST TERRORIST ENTRY

SEC. 101. PREVENTING TERRORISTS FROM OBTAINING RELIEF FROM REMOVAL.

(a) Conditions for Granting Asylum--Section 208(b)(1) of the Immigration and Nationality Act (8 U.S.C. 1158(b)(1)) is amended--

(1) by striking "The Attorney General" the first place such term appears and inserting the following:

"(A) ELIGIBILITY.--The Secretary of Homeland Security or the Attorney General";

(2) by striking "the Attorney General" the second and third places such term appears and inserting "the Secretary of Homeland Security or the Attorney General"; and

(3) by adding at the end the following:

"(B) BURDEN OF PROOF.--

"(i) IN GENERAL.--The burden of proof is on the applicant to establish that the applicant is a refugee, within the meaning of section 101(a)(42)(A). To establish that the applicant is a refugee within the meaning of such section, the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant.

"(ii) SUSTAINING BURDEN.--The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-10968-RCL   Document 5-2   Filed 05/20/2005   Page 2 of 9

PL 109-13, 2005 HR 1268 Slip Copy                                                                Page 58
(Publication page references are not available for this document.)

credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

"(iii) CREDIBILITY DETERMINATION.--Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.".

(b) Exceptions to Eligibility for Asylum--Section 208(b)(2)(A)(v) of the Immigration and Nationality Act (8 U.S.C. 1158(b)(2)(A)(v)) is amended--

(1) by striking "inadmissible under" each place such term appears and inserting "described in"; and

(2) by striking "removable under".

(c) Withholding of Removal--Section 241(b)(3) of the Immigration and Nationality Act (8 U.S.C. 1231(b)(3)) is amended by adding at the end the following:

"(C) SUSTAINING BURDEN OF PROOF; CREDIBILITY DETERMINATIONS.--In determining whether an alien has demonstrated that the alien's life or freedom would be threatened for a reason described in subparagraph (A), the trier of fact shall determine whether the alien has sustained the alien's burden of proof, and shall make credibility determinations, in the manner described in clauses (ii) and (iii) of section 208(b)(1)(B).".

(d) Other Requests for Relief From Removal--Section 240(c) of the Immigration and Nationality Act (8 U.S.C. 1230(c)) is amended--

(1) by redesignating paragraphs (4), (5), and (6) as paragraphs (5), (6), and (7), respectively; and

(2) by inserting after paragraph (3) the following:

"(4) APPLICATIONS FOR RELIEF FROM REMOVAL.--

"(A) IN GENERAL.--An alien applying for relief or protection from removal has the burden of proof to establish that the alien--

"(i) satisfies the applicable eligibility requirements; and

"(ii) with respect to any form of relief that is granted in the exercise of discretion, that the alien merits a favorable exercise of discretion.

"(B) SUSTAINING BURDEN.--The applicant must comply with the applicable requirements to submit information or documentation in support of the applicant's application for relief or protection as provided by law or by regulation or in the instructions for the application form. In evaluating the testimony of the applicant or

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

other witness in support of the application, the immigration judge will determine whether or not the testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant has satisfied the applicant's burden of proof. In determining whether the applicant has met such burden, the immigration judge shall weigh the credible testimony along with other evidence of record. Where the immigration judge determines that the applicant should provide evidence which corroborates otherwise credible testimony, such evidence must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence.

"(C) CREDIBILITY DETERMINATION.--Considering the totality of the circumstances, and all relevant factors, the immigration judge may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.".

(e) Standard of Review for Orders of Removal--Section 242(b)(4) of the Immigration and Nationality Act (8 U.S.C. 1252(b)(4)) is amended by adding at the end, after subparagraph (D), the following: "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence, as described in section 208(b)(1)(B), 240(c)(4)(B), or 241(b)(3)(C), unless the court finds, pursuant to section 242(b)(4)(B), that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.".

(f) Clarification of Discretion--Section 242(a)(2)(B) of the Immigration and Nationality Act (8 U.S.C. 1252(a)(2)(B)) is amended--

(1) by inserting "or the Secretary of Homeland Security" after "Attorney General" each place such term appears; and

(2) in the matter preceding clause (i), by inserting "and regardless of whether the judgment, decision, or action is made in removal proceedings," after "other provision of law,".

(g) Removal of Caps--

(1) ASYLEES.--Section 209 of the Immigration and Nationality Act (8 U.S.C. 1159) is amended--

(A) in subsection (a)(1)--

(i) by striking "Service" and inserting "Department of Homeland Security"; and

(ii) by striking "Attorney General" each place such term appears and inserting "Secretary of Homeland Security or the Attorney General";

(B) in subsection (b)--

(i) by striking "Not more" and all that follows through "asylum who--" and inserting "The Secretary of Homeland Security or the Attorney General, in the Secretary's or the Attorney General's discretion and under such regulations as the Secretary or the Attorney General may prescribe, may adjust to the status of an alien lawfully admitted for permanent residence the status of any alien granted asylum who--"; and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

PL 109-13, 2005 HR 1268 Slip Copy                                                                                                          **Page 60**
**(Publication page references are not available for this document.)**

   (ii) in the matter following paragraph (5), by striking "Attorney General" and inserting "Secretary of Homeland Security or the Attorney General"; and

   (C) in subsection (c), by striking "Attorney General" and inserting "Secretary of Homeland Security or the Attorney General".

   (2) PERSONS RESISTING COERCIVE POPULATION CONTROL METHODS.--Section 207(a) of the Immigration and Nationality Act (8 U.S.C. 1157(a)) is amended by striking paragraph (5).

 (h) EFFECTIVE DATES.--

   (1) The amendments made by paragraphs (1) and (2) of subsection (a) shall take effect as if enacted on March 1, 2003.

   (2) The amendments made by subsections (a)(3), (b), (c), and (d) shall take effect on the date of the enactment of this division and shall apply to applications for asylum, withholding, or other relief from removal made on or after such date.

   (3) The amendment made by subsection (e) shall take effect on the date of the enactment of this division and shall apply to all cases in which the final administrative removal order is or was issued before, on, or after such date.

   (4) The amendments made by subsection (f) shall take effect on the date of the enactment of this division and shall apply to all cases pending before any court on or after such date.

   (5) The amendments made by subsection (g) shall take effect on the date of the enactment of this division.

 (i) Repeal--Section 5403 of the Intelligence Reform and Terrorism Prevention Act of 2004 (Public Law 108-458) is repealed.

SEC. 102. WAIVER OF LEGAL REQUIREMENTS NECESSARY FOR IMPROVEMENT OF BARRIERS AT BORDERS; FEDERAL COURT REVIEW.

 Section 102(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1103 note) is amended to read as follows:

 "(c) WAIVER.--

   "(1) IN GENERAL.--Notwithstanding any other provision of law, the Secretary of Homeland Security shall have the authority to waive all legal requirements such Secretary, in such Secretary's sole discretion, determines necessary to ensure expeditious construction of the barriers and roads under this section. Any such decision by the Secretary shall be effective upon being published in the Federal Register.

   "(2) FEDERAL COURT REVIEW.--

     "(A) IN GENERAL.--The district courts of the United States shall have exclusive jurisdiction to hear all causes or claims arising from any action undertaken, or any decision made, by the Secretary of Homeland Security pursuant to paragraph (1). A cause of action or claim may only be brought alleging a violation of the Constitution of the United States. The court shall not have jurisdiction to hear any claim not specified in this subparagraph.

     "(B) TIME FOR FILING OF COMPLAINT.--Any cause or claim brought pursuant to subparagraph (A) shall be filed not later than 60 days after the date of the action or decision made by the Secretary of Homeland

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Security. A claim shall be barred unless it is filed within the time specified.

"(C) ABILITY TO SEEK APPELLATE REVIEW.--An interlocutory or final judgment, decree, or order of the district court may be reviewed only upon petition for a writ of certiorari to the Supreme Court of the United States.".

SEC. 103. INADMISSIBILITY DUE TO TERRORIST AND TERRORIST-RELATED ACTIVITIES.

(a) IN GENERAL.--So much of section 212(a)(3)(B)(i) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(3)(B)(i)) as precedes the final sentence is amended to read as follows:

"(i) IN GENERAL.--Any alien who--

"(I) has engaged in a terrorist activity;

"(II) a consular officer, the Attorney General, or the Secretary of Homeland Security knows, or has reasonable ground to believe, is engaged in or is likely to engage after entry in any terrorist activity (as defined in clause (iv));

"(III) has, under circumstances indicating an intention to cause death or serious bodily harm, incited terrorist activity;

"(IV) is a representative (as defined in clause (v)) of--

"(aa) a terrorist organization (as defined in clause (vi)); or

"(bb) a political, social, or other group that endorses or espouses terrorist activity;

"(V) is a member of a terrorist organization described in subclause (I) or (II) of clause (vi);

"(VI) is a member of a terrorist organization described in clause (vi)(III), unless the alien can demonstrate by clear and convincing evidence that the alien did not know, and should not reasonably have known, that the organization was a terrorist organization;

"(VII) endorses or espouses terrorist activity or persuades others to endorse or espouse terrorist activity or support a terrorist organization;

"(VIII) has received military-type training (as defined in section 2339D(c)(1) of title 18, United States Code) from or on behalf of any organization that, at the time the training was received, was a terrorist organization (as defined in clause (vi)); or

"(IX) is the spouse or child of an alien who is inadmissible under this subparagraph, if the activity causing the alien to be found inadmissible occurred within the last 5 years, is inadmissible.".

(b) ENGAGE IN TERRORIST ACTIVITY DEFINED.--Section 212(a)(3)(B)(iv) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(3)(B)(iv)) is amended to read as follows:

"(iv) ENGAGE IN TERRORIST ACTIVITY DEFINED.--As used in this Act, the term 'engage in terrorist activity' means, in an individual capacity or as a member of an organization--

"(I) to commit or to incite to commit, under circumstances indicating an intention to cause death or serious bodily injury, a terrorist activity;

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-10968-RCL   Document 5-2   Filed 05/20/2005   Page 6 of 9

PL 109-13, 2005 HR 1268 Slip Copy                                                Page 62
(Publication page references are not available for this document.)

"(II) to prepare or plan a terrorist activity;

"(III) to gather information on potential targets for terrorist activity;

"(IV) to solicit funds or other things of value for--

"(aa) a terrorist activity;

"(bb) a terrorist organization described in clause (vi)(I) or (vi)(II); or

"(cc) a terrorist organization described in clause (vi)(III), unless the solicitor can demonstrate by clear and convincing evidence that he did not know, and should not reasonably have known, that the organization was a terrorist organization;

"(V) to solicit any individual--

"(aa) to engage in conduct otherwise described in this subsection;

"(bb) for membership in a terrorist organization described in clause (vi)(I) or (vi)(II);  or

"(cc) for membership in a terrorist organization described in clause (vi)(III) unless the solicitor can demonstrate by clear and convincing evidence that he did not know, and should not reasonably have known, that the organization was a terrorist organization;  or

"(VI) to commit an act that the actor knows, or reasonably should know, affords material support, including a safe house, transportation, communications, funds, transfer of funds or other material financial benefit, false documentation or identification, weapons (including chemical, biological, or radiological weapons), explosives, or training--

"(aa) for the commission of a terrorist activity;

"(bb) to any individual who the actor knows, or reasonably should know, has committed or plans to commit a terrorist activity;

"(cc) to a terrorist organization described in subclause (I) or (II) of clause (vi) or to any member of such an organization;  or

"(dd) to a terrorist organization described in clause (vi)(III), or to any member of such an organization, unless the actor can demonstrate by clear and convincing evidence that the actor did not know, and should not reasonably have known, that the organization was a terrorist organization.".

(c) TERRORIST ORGANIZATION DEFINED.--Section 212(a)(3)(B)(vi) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(3)(B)(vi)) is amended to read as follows:

"(vi) TERRORIST ORGANIZATION DEFINED.--As used in this section, the term  'terrorist organization' means an organization--

"(I) designated under section 219;

"(II) otherwise designated, upon publication in the Federal Register, by the Secretary of State in consultation with or upon the request of the Attorney General or the Secretary of Homeland Security, as a terrorist organization, after finding that the organization engages in the activities described in subclauses (I) through (VI)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-10968-RCL   Document 5-2   Filed 05/20/2005   Page 7 of 9

PL 109-13, 2005 HR 1268 Slip Copy                                                                                                      Page 63
(Publication page references are not available for this document.)

of clause (iv); or

"(III) that is a group of two or more individuals, whether organized or not, which engages in, or has a subgroup which engages in, the activities described in subclauses (I) through (VI) of clause (iv).".

(d) EFFECTIVE DATE.--The amendments made by this section shall take effect on the date of the enactment of this division, and these amendments, and section 212(a)(3)(B) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(3)(B)), as amended by this section, shall apply to--

(1) removal proceedings instituted before, on, or after the date of the enactment of this division; and

(2) acts and conditions constituting a ground for inadmissibility, excludability, deportation, or removal occurring or existing before, on, or after such date.

SEC. 104. WAIVER FOR CERTAIN GROUNDS OF INADMISSIBILITY.

Section 212(d)(3) of the Immigration and Nationality Act (8 U.S.C. 1182(d)(3)) is amended--

(1) by striking "(3)" and inserting "(3)(A)";

(2) by striking "alien (A)" and inserting "alien (i)";

(3) by striking "or (B)" and inserting "or (ii)"; and

(4) by adding at the end the following:

"(B)(i) The Secretary of State, after consultation with the Attorney General and the Secretary of Homeland Security, or the Secretary of Homeland Security, after consultation with the Secretary of State and the Attorney General, may conclude in such Secretary's sole unreviewable discretion that subsection (a)(3)(B)(i)(IV)(bb) or (a)(3)(B)(i)(VII) shall not apply to an alien, that subsection (a)(3)(B)(iv)(VI) shall not apply with respect to any material support an alien afforded to an organization or individual that has engaged in a terrorist activity, or that subsection (a)(3)(B)(vi)(III) shall not apply to a group solely by virtue of having a subgroup within the scope of that subsection. The Secretary of State may not, however, exercise discretion under this clause with respect to an alien once removal proceedings against the alien are instituted under section 240.

"(ii) Not later than 90 days after the end of each fiscal year, the Secretary of State and the Secretary of Homeland Security shall each provide to the Committees on the Judiciary of the House of Representatives and of the Senate, the Committee on International Relations of the House of Representatives, the Committee on Foreign Relations of the Senate, and the Committee on Homeland Security of the House of Representatives a report on the aliens to whom such Secretary has applied clause (i). Within one week of applying clause (i) to a group, the Secretary of State or the Secretary of Homeland Security shall provide a report to such Committees.".

SEC. 105. REMOVAL OF TERRORISTS.

(a) IN GENERAL.--

(1) IN GENERAL.--Section 237(a)(4)(B) of the Immigration and Nationality Act (8 U.S.C. 1227(a)(4)(B)) is amended to read as follows:

"(B) TERRORIST ACTIVITIES.--Any alien who is described in subparagraph (B) or (F) of section 212(a)(3) is deportable.".

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(2) EFFECTIVE DATE.--The amendment made by paragraph (1) shall take effect on the date of the enactment of this division, and the amendment, and section 237(a)(4)(B) of the Immigration and Nationality Act (8 U.S.C. 1227(a)(4)(B)), as amended by such paragraph, shall apply to--

(A) removal proceedings instituted before, on, or after the date of the enactment of this division; and

(B) acts and conditions constituting a ground for inadmissibility, excludability, deportation, or removal occurring or existing before, on, or after such date.

(b) REPEAL.--Effective as of the date of the enactment of the Intelligence Reform and Terrorism Prevention Act of 2004 (Public Law 108-458), section 5402 of such Act is repealed, and the Immigration and Nationality Act shall be applied as if such section had not been enacted.

SEC. 106. JUDICIAL REVIEW OF ORDERS OF REMOVAL.

(a) IN GENERAL.--Section 242 of the Immigration and Nationality Act (8 U.S.C. 1252) is amended--

(1) in subsection (a)--

(A) in paragraph (2)--

(i) in subparagraph (A), by inserting "(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title" after "Notwithstanding any other provision of law";

(ii) in each of subparagraphs (B) and (C), by inserting "(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D)" after "Notwithstanding any other provision of law"; and

(iii) by adding at the end the following:

"(D) JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.--Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.'; and

(B) by adding at the end the following:

"(4) CLAIMS UNDER THE UNITED NATIONS CONVENTION.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e).

"(5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).";

(2) in subsection (b)(9), by adding at the end the following: "Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact."; and

(3) in subsection (g), by inserting "(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title" after "notwithstanding any other provision of law".

(b) EFFECTIVE DATE.--The amendments made by subsection (a) shall take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division.

(c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

(d) TRANSITIONAL RULE CASES.--A petition for review filed under former section 106(a) of the Immigration and Nationality Act (as in effect before its repeal by section 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1252 note)) shall be treated as if it had been filed as a petition for review under section 242 of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section. Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, such petition for review shall be the sole and exclusive means for judicial review of an order of deportation or exclusion.

## TITLE II--IMPROVED SECURITY FOR DRIVERS' LICENSES AND PERSONAL IDENTIFICATION CARDS

SEC. 201. DEFINITIONS.

In this title, the following definitions apply:

(1) DRIVER'S LICENSE.--The term "driver's license" means a motor vehicle operator's license, as defined in section 30301 of title 49, United States Code.

(2) IDENTIFICATION CARD.--The term "identification card" means a personal identification card, as defined in section 1028(d) of title 18, United States Code, issued by a State.

(3) OFFICIAL PURPOSE.--The term "official purpose" includes but is not limited to accessing Federal facilities, boarding federally regulated commercial aircraft, entering nuclear power plants, and any other purposes that the Secretary shall determine.

(4) SECRETARY.--The term "Secretary" means the Secretary of Homeland Security.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.